GRIFFIN, Judge.
This is an appeal of a final order issued by Florida’s Unemployment Appeals Commission [“UAC”] which affirmed the determination of the appeals referee that Denise J. Calió [“Calió”] was not entitled to unemployment compensation.
Calió was employed by Bally’s Fitness and Racquet Clubs, Inc. [“Bally’s”] as operations manager from November 4, 1993 until June 22, 1995. On July 18, 1995, she filed a claim for unemployment with the Division of Unemployment Compensation [“the Division”]. The original reason given by Bally’s for Ca-lio’s termination were time card violations *885 and unavailability for work. An examiner assigned by the Division granted Calio’s request for benefits on the ground that Bally’s had failed to produce any evidence that Calió was guilty of “misconduct” associated with her work within the meaning of section 443.101(l)(a), Florida Statutes (1993). The order stated:
The claimant was discharged for alleged time card violations and unavailability. No information has been submitted to substantiate the allegations or to establish misconduct.
Bally’s protested the Division’s initial determination, and the case was assigned to an appeals referee for hearing. See § 443.151, Fla. Stat. (1993). At the hearing, conflicting evidence was presented by the parties. Bally’s witnesses testified that Calió had initially been suspended with pay because of allegations that she had coerced someone to write a letter of sexual harassment against a coworker and for falsifying a time card or cards. They claimed she was fired, however, because she refused to come in for a meeting to investigate the charges that had been made. Bally’s regional director of human resources, Bob Cady, testified that the request for Calió to come in had been made during a phone conversation on the Thursday before she was fired. He acknowledged that at some point during the conversation Calió had asked him whether a final decision had been made regarding her termination, and he said he told her that it had not. He testified that Calió said she was not coming in because she was going on vacation.
Calió testified that when Cady called, she asked whether Bally’s had already decided to terminate her and was told that the decision to fire her had been made. She saw no reason to come in if a decisión to fire her had already been made. Calió also denied ever having coerced a co-worker to write a letter complaining of sexual harassment. She said that when a co-worker had complained to her of sexual harassment, she had told the coworker to put her complaint in writing. Ca-lió also testified that she had always worked the requisite hours, that her supervisor had signed her time cards prior to their submission to payroll, and that she had never received a reprimand of any kind.
Based on the evidence presented at the hearing, the appeals referee affirmed the decision of the examiner that Calió was entitled to unemployment compensation. In his order, the referee stated that he had resolved all “conflicts” in favor of Calió “based upon the candor and demeanor of the parties”. However, the order appeared to contain inconsistent findings. It variously stated that Calió had been asked to come in to answer some questions and had been “advised that if she did not come in she would be discharged” and that she had been discharged “for failing to come in and assist with the employer’s investigation,” while also suggesting that Calió had refused to come in for the investigation only because the employer told her the decision to fire her had already been made.
Bally’s appealed the referee’s decision to the UAC. The UAC reversed the referee’s decision on the basis of a “procedural error,” identified as an inconsistency between the referee’s findings of fact and conclusions of law:
The claimant was discharged after she received a complaint of harassment from a co-worker. The referee concluded that the claimant was discharged for failing to assist with the investigation regarding the harassment, yet the referee found that the claimant was advised that a decision had already been made regarding her employment at the time she was called and asked to report to the job site to participate in the investigation. If the claimant was discharged for failing to come to the meeting, such action would be insubordinate. If a decision had already been made to discharge her, then her failure to attend the meeting would not make a difference and could not have been the reason for discharge.
The referee also found that the claimant was advised over the telephone that, if she did not come in to answer the questions, she would be discharged. That finding supports a conclusion that a decision had not been made at the time of the telephone call. The case is remanded to the referee *886 to consider all of the evidence and enter a new decision.
The decision of the appeals referee is vacated and the cause is remanded for further proceedings. (Emphasis added).
On remand, without taking any further evidence, the same appeals referee entered a new order in which the findings of fact were inconsistent with his first order in most respects. This order found that Calió was not entitled to unemployment compensation because she had disregarded her supervisor’s instruction to come in to discuss the allegations which had been made. This order contained a statement that all conflicts were resolved in favor of the employer based on the “more consistent testimony of the employer’s witness.”
Calió sought review of the referee’s decision, which was affirmed without discussion by the UAC. Calió now appeals, contending that the referee could not change its factual findings on remand, especially without conducting any further proceedings or taking further evidence. • Neither party can cite us to authority in point. Even without the benefit of precedent, however, we conclude that, at a minimum, Calió would be entitled to a new hearing before a new referee. The referee originally decided the credibility issue in her favor, meaning her version of the telephone conversation with Cady was the one he believed and accepted. This necessarily meant that the reason for discharge Bally’s elected to rely upon, i.e. her refusal to come in for an investigation of the merits of claims of misconduct, could not support the decision to discharge her. Either the decision to fire her had already been made (in which ease, as the UAC pointed out, it could not have been the reason for her discharge), or she was falsely or incorrectly told the decision to fire her had already been made, in which case the employee was guilty of no misconduct for failing to participate in the investigation. If Calio’s version of the phone call is believed, it would appear that the only misconduct that would support her discharge was the conduct for which she was originally suspended. For some reason, however,' Bally’s chose not to offer proof of that conduct. Since, under the circumstances, it is impossible to have confidence in the decision-making that has resulted in Calio’s denial of benefits, it seems that the only fair result for both sides is to conduct a de novo hearing before a new hearing officer.
REVERSED and REMANDED.
PETERSON, C.J., and ANTOON, J., concur.